HERSEY, Judge,
dissenting.
There is no longer room for doubt that a discovery violation mandates a Richardson inquiry and that failure of the trial court to conduct an inquiry where a violation has occurred is per se reversible error. See, e.g., Carroll v. State, supra. The difficulty I have with the majority opinion is its initial premise that a discovery violation occurred in this case.
The record discloses that discovery proceeded in due course before trial. Then, on September 4, 1980, the third day of trial, the state learned that appellant’s brother-in-law, Edward Lee Jordan, had certain information relevant to the issues being tried. Accordingly, and on the same day that the state learned of the existence of this witness, the following discussion took place, as evidenced by the record.
STATE ATTORNEY: Your Honor, I have two matters to handle. One, I called Mr. Hitchcock (defense attorney) this afternoon and informed him that there was going to be an amended answer to discovery. There is a lab report. I explained to him what the lab report had to say and he now knows about it. I will give him a copy of it. I had a discussion with an individual by the name of Edward Jordan, who apparently received a couple of phone calls from the defendant and I told Mr. Hitchcock what Edward Jordan told me about the phone calls.
I believe Mr. Hitchcock is satisfied with that representation. He knows Mr. Jordan is available to him if he wants to depose him or wishes to talk with him. I don’t think there is any objection to amending discovery at this time.
DEFENSE ATTORNEY: Your Honor, Mr. Zloch also stated to me he had no intention of calling him; is that correct? STATE ATTORNEY: Depending on how the trial goes. If he becomes very relevant during trial, then I will definitely inform my friend. I won’t be calling him in my case in chief.
THE COURT: You are placing the Court and the Record and Mr. Hitchcock on notice of the existence of this witness that the State now has amended its discovery relative to this.
STATE ATTORNEY: I can also state that this individual lives in Alabama. When I first found out this morning, right after talking to the individual, I talked to Mr. Hitchcock. When I first found out about it that he knew anything.
Rule 3.220(a)(1) of the Florida Rules of Criminal Procedure requires that the state disclose to the defense the names of State witnesses where that information is “within the State’s possession and control.” There was obviously no “violation” of that aspect of the rule because the state did not initially know of the existence of the witness. Rule 3.220(f) provides:
(f) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses or material in the same manner as required under these rules for initial discovery.
Again the record is clear that the state adhered to the spirit as well as the letter of the rule. Only the lapse of a few hours separated receipt by the state of knowledge of the existence of this witness and full disclosure to the defense, not only of the witness’s name but also the information about which he could be expected to testify. This could hardly be denominated a “violation.”
Nor does the fact that the state called the witness in its case in chief as opposed to *1240 using him for rebuttal, after having initially indicated a contrary inclination, have any bearing on the issue. It is clear that the existence and name of the witness and the substance of the testimony he would give were disclosed to the defense at an early and eminently reasonable time. In what manner or at what time he was to be used is of little consequence to the defense in making a determination as to what steps should be taken in order to be prepared for his testimony. The point is that the defense knew the witness might be called some time during the trial and the defense knew precisely what his testimony would be.
The rationale of Richardson nevertheless would appear to mandate an inquiry in such situations. While not, strictly speaking, a “violation” of the discovery rules, only by making a Richardson inquiry may the trial court make a determination of the extent and effect of prejudice where the state discovers and attempts to use evidence, in whatever form, on the eve of trial. Mindful of the admonition that hard facts make bad law, I join in the majority opinion that an inquiry was required because that result is responsive to the aspirations of the Richardson rule. As applied to the present case, however, and in view of the fact that there was no “violation” of the discovery rules, I do not believe reversal is either appropriate or dictated by Richardson. The result of applying the per se reversible error rule here is particularly unsavory in light of the factors which clearly evidence lack of prejudice, such as: the evidence consisted of two telephone conversations to which appellant himself was a party and he therefore could not be “surprised” by the testimony; appellant had three or four days after being apprised that the witness would be called to interview him or to take his deposition which he made absolutely no attempt to do; appellant made no objection at the time the state amended its discovery to add the witness but waited until the witness was called to register an objection; appellant never asked for a continuance or any other assistance from the court in order to meet the adverse testimony; and finally, common sense dictates that, on these facts, no amount of advance notice would have made any difference to appellant’s case. I would therefore hold that, while a Richardson type inquiry is appropriate where the state seeks to amend discovery on the eve of or during trial, the per se reversible error rule does not apply where no violation of the discovery rules is demonstrated and I would certify that question to the Supreme Court as one of great public importance.
For the foregoing reasons, I respectfully dissent.